UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEROME RIDGEWAY,

        Plaintiff,

v.

NANCY A. BERRYHILL,
*Acting Commissioner of Social Security*,

        Defendant.
_____

**DECISION AND ORDER**
16-CV-665

    1.    Plaintiff Jerome Ridgeway challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since September 15, 2008, due to cervical disc injury and high blood pressure. Dkt. No. 8, pp. 262-65, 277-78. Plaintiff contends that his impairments render him unable to work, and thus, he is entitled to disability benefits under the Act.

    2.    Plaintiff filed an application for disability benefits and supplemental security income on May 3, 2010, which the Commissioner denied on August 23, 2010. Dkt. No. 8, pp. 154-57. Plaintiff thereafter requested a hearing before an ALJ. Dkt. No. 8, p. 158. On November 9, 2011, ALJ Bruce R. Mazzarella held a hearing at which Plaintiff appeared with counsel and testified. The ALJ considered the case *de novo* and, on February 23, 2012, issued a written decision denying Plaintiff's application for benefits. Dkt. No. 8, pp. 133-42. On February 22, 2013, the Appeals Council issued an order remanding the case to the ALJ, directing him to evaluate plaintiff's obesity, and obtain evidence from a vocational expert ("VE"). Dkt. No. 8, pp. 148-50. The ALJ held a second

1

hearing on September 12, 2013, at which Plaintiff appeared with counsel and testified along with a VE. Dkt. No. 8, pp. 39-122. At the time of the second hearing, Plaintiff was 47 years old, was 6'3" tall and weighed 265 pounds with a ninth-grade education, and past work experience as a chocolate molder, a car wash attendant, and an unlicensed barber. Dkt. No. 8, pp. 86-91. The ALJ issued another unfavorable decision on October 6, 2014. Dkt. No. 8, pp. 17-32. Plaintiff filed the current action on August 16, 2016, challenging the Commissioner's final decision.[1]

3. On February 13, 2017, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Docket No. 11. On May 22, 2017, the Commissioner filed a Motion for Judgment on the Pleadings/Response to Plaintiff's Motion. Docket No. 15. Plaintiff filed a reply on December 11, 2017 (Docket No. 16), after which the parties consented to proceed before the undersigned. Dkt. No. 17. For the following reasons, Plaintiff's motion is granted to the extent that it seeks remand, and Defendant's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. *See Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

---

[1] The ALJ's October 6, 2014 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

*Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in *Bowen v. Yuckert*, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42 (1987).

7. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or

3

mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); *see also* 20 C.F.R. § 404.1520; *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. *See Bowen*, 482 U.S. at 146 n.5; *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. *See* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); *Heckler v. Campbell*, 461 U.S. 458, 460 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since May 3, 2010, the application date; (2) Plaintiff suffers from the following "severe impairments" as that term is defined by the Act: chronic neck pain with evidence of stenosis, borderline IQ, obesity, left knee meniscus tear and cyst, chronic back

4

discomfort, and mild bulging discs, but his other impairments, alcohol abuse, bilateral shoulder pain, and mental retardation, were "non-severe impairments as they either do not meet the 12-month durational requirement or cause significant work-related limitations or are not medically determinable or alleged to be so at the hearing" (Dkt. No. 8, pp. 19-21); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Dkt. No. 8, pp. 21-24); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except he could not sit for an eight hour work day with only normal breaks and meal periods, stand and/or walk for an eight hour work day with only normal breaks and meal periods; he could lift and carry 20 pounds occasionally and 10 pounds frequently; he should not stoop, crouch, kneel or climb stairs on more than an occasional basis; and he was limited to simple, repetitive and routine tasks (Dkt. No. 8, pp. 24-31); (5) Plaintiff could perform his past relevant work as a chocolate molder, which was light exertion, despite his borderline IQ and "could perform it as he performed it despite his limitation with complex and varied tasks." Dkt. No. 8, p. 32. Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act between May 3, 2010, the application date, and October 6, 2014, the date of the ALJ's decision. (Dkt. No. 8, p. 32).

10.   Plaintiff argues among other things, that before concluding that Plaintiff could perform his past relevant work as a chocolate molder, the ALJ failed to establish the exertional requirements of the job as Plaintiff previously performed it. As such, the ALJ's conclusion that Plaintiff could perform was not supported by substantial evidence.

11. "Pursuant to both case law and Social Security Ruling 82-62, in order to determine at step four whether a claimant is able to perform her past work, the ALJ must make a specific and substantial inquiry into the relevant physical and mental demands associated with the claimant's past work, and compare these demands to the claimant's residual capabilities." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204-05 (W.D.N.Y. 2005) (quoting *Kerulo v. Apfel,* No. 98 CIV. 7315 MBM, 1999 WL 813350, *8 (S.D.N.Y. Oct. 7, 1999)) (citations omitted). Specifically, "the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i.e.,* 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." *Selmo v. Barnhart,* No. 01 Civ. 7374(SHS), 2002 WL 31445020, *9 (S.D.N.Y. Oct. 31, 2002) (quoting Social Security Ruling 96-8p, Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, at *1 (S.S.A.1996)).

12. "The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." Social Security Ruling 82-62, Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General ("SSR 82–62"), 1982 WL 31386, at *3 (S.S.A. 1996); *Abbott v. Colvin*, 596 F. App'x 21, 23 (2d Cir. 2015). An ALJ's determination of a claimant's ability to perform past relevant work requires, at a minimum, "a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; [and] (2) medical evidence

establishing how the impairment limits his ability to meet the physical and mental requirements of the work." SSR 82–62, 1982 WL 31386, at *3; *Abbott v. Colvin*, 596 F. App'x 21, 23 (2d Cir. 2015). Indeed, "[t]he decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision." *Id.* (emphasis added).

13.    In this case, ALJ Mazzarella, after exhaustively analyzing Plaintiff's residual functional capacity, summarily concluded that Plaintiff could perform his past work as a chocolate molder. The ALJ's analysis failed to make "a specific and substantial inquiry into the relevant physical and mental demands" of Plaintiff's past work as a chocolate molder or properly consider how Plaintiff could perform the job with his current limitations.

14.    The Dictionary of Occupational Titles defines "Candy Molder" as follows:

> CODE: 520.687-018
> TITLE(s): CANDY MOLDER, HAND (sugar & conf.) alternate titles: molder, hand; novelty-candy maker; paste worker
> Pours liquid candy into chilled molds to form solid candy figures, such as animals or Christmas trees: Dumps or pours candy into warming pan and turns dial to heat product to pouring temperature. Stirs candy to facilitate melting and pours it into chilled mold. Taps or tilts mold to distribute candy uniformly throughout mold. Opens mold when candy has congealed and removes figure. May be designated by type of candy molded as Chocolate Molder (sugar & conf.).
> GOE: 06.04.28 STRENGTH: L GED: R2 M1 L1 SVP: 3 DLU: 77[2]

As the job is generally performed, the job of Candy Molder is considered semi-skilled work as indicated by the "specific vocational preparation" or "SVP' of 3. Dkt. No. 8, p. 119. The VE testified that "strictly interpreting the DOT," the Plaintiff would be unable to perform this semi-skilled work as it was typically performed. Dkt. No. 8, pp. 119-20. And

---

[2] https://occupationalinfo.org/52/520687018.html (last visited October 1, 2018).

7

yet, relying solely on the VE's testimony, the ALJ concluded that Plaintiff could perform his past work as a chocolate molder as he previously performed it. Dkt. No. 8, p. 32.

15. There are two problems with the ALJ's conclusion. First, it is based on a scant record of how Plaintiff actually performed his job as a chocolate molder; and second, the VE never opined that a person with Plaintiff's postural limitations could perform the past work. At the hearings, the ALJ asked Plaintiff only a handful of questions regarding his past work as a chocolate molder. Plaintiff, a notedly poor historian with borderline intellectual functioning, provided cursory answers. At the first hearing, when asked what he did as a production line worker at Niagara Chocolate, Plaintiff answered simply "[c]losed the candy molds." Dkt. No. 8, p. 49-50. At the second hearing, the questioning by the ALJ went as follows:

> Q: You did some work in the past that I wanted to talk to you about. You told me you had done a production line, you had been a production line worker, 2007 to 2008.
>
> A. Yes.
>
> Q: Where did you work, do you remember?
>
> A. That was Niagara Chocolates.
>
> . . . .
>
> Q: And what did you do on the line there?
>
> A. Shut the molds, closed the molds on the candy.
>
> Q. Okay. A standing job?
>
> A. Yes.

Dkt. No. 8, pp. 89-90. This was hardly sufficient information regarding the exertional and mental requirements of Plaintiff's former job to analyze whether Plaintiff, with his current

8

limitations, could perform the work. Moreover, the VE's opinion that Plaintiff was presently capable of working as a chocolate molder "[b]ecause he did it [in the past]," does not constitute substantial evidence that Plaintiff was not currently disabled. *Nobile v. Comm'r of Soc. Sec.*, No. 1:16-CV-0871 (DJS), 2017 WL 3054846, at *5 (N.D.N.Y. July 19, 2017) ("The fact that Plaintiff had been able to perform this job for long enough to learn it in the past says nothing about her current ability to perform the skill-level demands of that same job when the effect of her impairments and limitations are considered.").

16. Perhaps more damning is the fact that the VE never opined that a person with Plaintiff's limitations (in relevant part, a person with an RFC for light work, **except** for standing and/or walking for an eight-hour work day with only normal breaks and meal periods, limited to simple, repetitive and routine tasks (Dkt. No. 8, p. 24)) could perform Plaintiff's prior work as a chocolate molder. Rather, the ALJ gave the VE two hypotheticals. The first involved a younger person, operating on a marginal level of education with the same past work experiences, who could sit for 20 minutes at a time but only one hour in an eight hour day, only able to alternate sitting and standing for 20 minutes, "[b]asically spends all his time laying down[,]" "[could] walk about a block, [and l]ift a gallon of milk." Dkt. No. 8, pp. 117-18. The second involved an individual with "that vocational profile who **could** sit for an eight hour work day with only normal breaks and meal periods, **stand and walk for an eight hour work day with only normal breaks and meal periods**," lift and carry 20 pounds occasionally, 10 pounds frequently, but should not stoop, crouch, kneel or climb stairs on more than an occasional basis, and limited to simple, repetitive and routine tasks. Dkt. No. 8, pp. 118-19 (emphasis added).

17. When asked whether either hypothetical person could perform any of Plaintiff's past work, the VE opined that only the latter person could perform Plaintiff's prior job as a chocolate molder. (Dkt. No. 8, pp. 117-19). However, the latter hypothetical has fewer limitations than the ALJ determined that Plaintiff had. Compared with the second hypothetical person, Plaintiff had "postural limitations based upon . . . objective evidence of obesity, MRI of torn meniscus[,] and MRI evidence of bulging disc in the back and neck stenosis" that prevented him from being able to stand for an eight-hour day with only normal breaks and meal periods. Dkt. No. 8, pp. 24, 31. In this regard, the ALJ erroneously relied on the VE's testimony that someone with fewer limitations than Plaintiff could perform his past work. Given that the VE testified only on the question of whether Plaintiff could perform his past work and not whether there were other jobs in the economy that Plaintiff could perform, this error is not harmless. Accordingly, this Court finds that this case must be remanded solely to develop the record as to Plaintiff's past relevant work as a chocolate molder and to determine whether Plaintiff could perform that job with his current limitations. *Abbott*, 596 F. App'x at 23. Based on the foregoing, Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 11) is GRANTED to the extent that it seeks remand, and Defendant's motion is DENIED.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED, and this case is remanded to the Social Security Administration to develop the record as to Plaintiff's past work as a chocolate molder and to determine whether Plaintiff could perform that job with the correct limitations.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

DATED:    Buffalo, New York
          October 2, 2018

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**